[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16234
Non-Argument Calendar

_____

D. C. Docket No. 97-00029-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE ADONIS GARNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 2, 2007)**

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

At a single hearing, the district court sentenced Eddie Adonis Garnett to 21 months' imprisonment for a bank-theft conviction, in violation of 18 U.S.C. § 2113(b), to be served consecutively with a 60-month term of imprisonment upon revocation of supervised release, which consisted of three consecutive 20-month terms of imprisonment. Only the sentences imposed upon revocation of supervised release are before us in this appeal. Garnett challenges his revocation sentence on the grounds that (1) he should not have been sentenced to consecutive terms upon revocation of supervised release when the original sentence called for concurrent terms of imprisonment, and (2) the 60-month total sentence was unreasonable. For the reasons set forth more fully below, we affirm.

Because Garnett did not object on the ground that the district court lacked the statutory authority to impose consecutive sentences, we review his claim for plain error. United States v. Shelton, 400 F.3d 1325, 1328 (11th Cir. 2005). Plain error requires: (1) an error; (2) that is plain; and (3) that affects substantial rights. Id. at 1328-29. "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1329 (citation and quotation marks omitted). We review a sentence imposed upon revocation of supervised release for reasonableness. United States v.

2

Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

Garnett recognizes that the issue of the imposition of consecutive terms upon revocation of supervised release when the original sentence called for concurrent terms of imprisonment was decided in United States v. Quinones, 136 F.3d 1293 (11th Cir. 1998), and that holding was not altered by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, he challenges the soundness of this decision and urges us to overrule Quinones. Under Quinones, the district court had the discretion to impose consecutive sentences even though Garnett originally was sentenced to concurrent terms of supervised release. Quinones, 136 F.3d at 1295. Therefore, Garnett cannot show error, much less plain error. Moreover, "only the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision." United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004).

Garnett raises a similar argument in his challenge to the reasonableness of his supervised release revocation sentence, contending that, because his original sentences and terms of supervised release were concurrent, it is logical that, for consistency, his revocation sentences should have been concurrent. He also argues that his sentence is unreasonable because he had no notice that the probation officer would recommend consecutive sentences. Garnett further argues that the

3

district court appears to have sentenced him in such a harsh manner, in part, as punishment for the bank-theft conviction. Although Garnett argued for a sentence lower than the one the court ultimately imposed, he did not raise these latter two arguments before the district court and concedes that these claims should be reviewed for plain error.

Upon finding that a defendant violated a condition of supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e).

> Section 3553(a) provides that district courts imposing a sentence must first consider, inter alia, (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission.

Sweeting, 437 F.3d at 1107. The policy statements concerning violations of supervised release in Chapter 7 of the Guidelines are merely advisory, and, while the district court is required to consider the policy statements, it is not bound by them. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006). The Sentencing Commission's approach to violations of supervised release is one where "at

4

revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). Under this theory,

> [w]hile the nature of the conduct leading to the revocation would be considered in measuring the extent of the breach of trust, imposition of an appropriate punishment for any new criminal conduct would not be the primary goal of a revocation sentence. Instead, the sentence imposed upon revocation would be intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense.

Id.

As discussed above, the district court has the discretion to impose consecutive sentences upon revocation of concurrent terms of supervised release. Quinones, 136 F.3d at 1295. To hold that a sentence is unreasonable merely because consecutive terms are inconsistent with an earlier sentence of concurrent terms would effectively deprive the district court of discretion to impose consecutive terms. See Sweeting, 437 F.3d at 1107 (affirming imposition of a consecutive sentence upon revocation of supervised release in a post-Booker case). Accordingly, we decline to do so.

With respect to Garnett's argument that his sentence was unreasonable because the probation officer did not provide pre-hearing notice of his

recommendation of consecutive terms of imprisonment, Garnett does not cite a statute or rule that explicitly resolves this issue and concedes that he has found no precedent from this Court or the Supreme Court on point. Accordingly, he cannot show plain error. See United States v. Castro, 455 F.3d 1249, 1253 (11th Cir. 2006) ("When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.") (citation and internal quotations omitted).

As to Garnett's argument that the district court's consecutive sentences upon revocation of supervised release were imposed as improper punishment for his bank-theft conviction, Garnett takes the district court's reference to sentencing for the "total package" out of context. The court stated that it would sentence Garnett "on the total package, but it must be done in an orderly fashion." The court then imposed separate sentences for the revocation of supervised release and for the bank-theft conviction. Given the context of the district court's statement, it does not support Garnett's contention that the court used the revocation sentences to impose additional punishment for the bank-theft conviction.

During the sentencing hearing, the district court did characterize the 15-to-21-month Guideline range on the bank-theft offense as "ludicrous," yet

ultimately imposed a Guideline range sentence on that count. When viewed in the context of the sentencing hearing as a whole, however, the record does not support Garnett's position that the district court used the revocation sentences as an opportunity to impose additional punishment on the bank-theft charge. The court initially found that this range would by "unduly low" if the bank-theft case was standing alone, but the court stated that it was not considering the bank-theft case "as standing alone because it has to be taken in a context which includes the petition for the revocation of supervised release on the earlier three bank robbery counts." After Garnett explained that he committed the bank theft in an attempt to save some family property, the district court stated that its greater concern was not the offense, but "that so soon after you were released from the other sentence you were a right back into the criminal activity and the pattern hadn't changed." The court stated that it considered the § 3553(a) factors that deal with "exemplary and deterrent features of criminal sentencing." In its specific comments on Garnett's conduct, the court found it "almost incredible that Mr. Garnett had learned so little after serving his prison term that he immediately returned to his use of cocaine and bank theft so quickly after his release."

Thus, while the court clearly was taking Garnett's bank-theft conviction into consideration, its focus was on Garnett's recidivist conduct and the need for

deterrence. However, the history and characteristics of the defendant and deterrence are among the factors the court is directed to consider before revoking a term of supervised release. See 18 U.S.C. §§ 3553(a)(1) & (a)(2)(B), 3583(e). While the Guidelines state that the court should "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator[,]" the Guidelines also recognize that, in doing so, "the nature of the conduct leading to the revocation would be considered in measuring the extent of the breach of trust . . . ." U.S.S.G. Ch. 7, Pt. A intro. comment. 3(b). Many of the same § 3553(a) factors are taken into account for both an initial term of imprisonment and a term imposed upon revocation, giving rise to the potential for overlapping considerations when simultaneously imposing a sentence for a new criminal charge and a sentence for the revocation of supervised release due to that charge. See 18 U.S.C. §§ 3553(a), 3583(e). We conclude that the district court's approach was not inconsistent with the directives of § 3583(e) and the Chapter 7 Guidelines. The court essentially accounted for its concerns regarding deterrence and recidivism in the sentences imposed upon revocation of supervised release, rather than in a Guidelines variance on the bank-theft charge. Thus, the record does not establish that the district court used these sentences primarily as punishment for the underlying

8

bank-theft offense.

Furthermore, we cannot say that Garnett's 60-month total sentence upon revocation of supervised release was unreasonable. Within 2 weeks of being placed on supervised release following a lengthy term of imprisonment for 3 bank robbery convictions, Garnett used cocaine, committed bank theft, and led police on a car chase. Garnett's actions, particularly in light of how soon he engaged in such activities, demonstrate either an unwillingness or inability to conform his conduct to the law. In light of the foregoing, we hold that the district court did not abuse its discretion in imposing consecutive terms of imprisonment and that Garnett's 60-month total sentence was not unreasonable.

**AFFIRMED.**