[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10119
Non-Argument Calendar

_____

D. C. Docket No. 02-14078-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGNES ELIZABETH BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 17, 2007)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Agnes Elizabeth Brown appeals the district court's imposition of

an 11-month term of incarceration upon revocation of her supervised release, arguing for the first time on appeal that the sentence is unreasonable because the district court did not consider either (1) the 18 U.S.C. § 3553(a) factors, or (2) the availability of appropriate substance abuse treatment programs, as mandated by 18 U.S.C. § 3583(d).[1]

## I. BACKGROUND

In a written plea agreement, Brown pled guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). On March 3, 2003, Brown was sentenced to 100 months imprisonment, followed by a 5-year term of supervised release. Brown's sentence was later reduced to 50 months imprisonment when the court granted the government's Fed.R.Crim.P. 35(b) motion for reduction of sentence.

The conditions of Brown's supervised release included, among other things, that she (1) "shall refrain from any unlawful use of a controlled substance," (2) "shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter," and (3) "shall not purchase, possess,

---

[1] Although Brown finished serving her prison term on August 28, 2007, her appeal is not moot. *United States v. Page*, 69 F.3d 482, 488 n.4 (11th Cir. 1995) (stating that the appeal of an already served term of incarceration is not moot when success on appeal has collateral affects such as altering the supervised release portion of the sentence); *see also United States v. Huang*, 977 F.2d 540, 542 n.1 (11th Cir. 1992) (deciding that defendant's appeal is not moot when a lesser sentence after appeal will cause the defendant to receive an earlier release and cause his term of supervised release to begin on the date he should have been released).

use, distribute, or administer any controlled substance." As a special condition of supervision, Brown was required to "participate in an approved treatment program for drug and/or alcohol abuse . . . and abide by all supplemental conditions of treatment."

Brown's term of supervised release began on May 10, 2006. On September 13, 2006, the U.S. Probation Office petitioned the district court charging that Brown violated the terms of her supervised release by testing positive for cocaine use on eleven separate occasions between June 2006 and August 2006. The probation officer recommended that Brown's supervision be revoked. On that same day, the district court issued a warrant for Brown's arrest.

A magistrate judge conducted an initial hearing on September 28, 2006, and ordered Brown detained until a residential program became available to her because, according to the magistrate, Brown was a danger both to herself and to the community. At the hearing, Brown admitted to the violations contained in the petition.

At the revocation hearing before the district court, Brown's appointed counsel acknowledged that Brown admitted to the violations at the initial hearing. In addition, Brown agreed that the 6 to 12 months calculated guidelines range of

3

imprisonment was correct.[2]  Brown's counsel stated:

> Your Honor, this is a very difficult circumstance.  I have been
> speaking to probation and to the government.  Ms. Brown has a dual
> diagnosis.  She has a chemical dependency and she's schizophrenic.
> And this has presented some treatment problems for the probation
> officer.
>
> . . .
>
> She is not eligible to go into [the Comprehensive Alcohol and
> Rehabilitation Program ("CARP")] because of the schizophrenia.
> They will not take her.  She is not eligible for work release for the
> same reason . . . [a]nd she did not want to go to work release because
> she was afraid to be there.
>
> I don't know what the answer is, Judge.  I don't want to say there is
> nothing we can do and let's just send her back to prison.  She's got a
> lot of problems.  She is on three different psychotropic
> medications . . . .

Counsel asked the court to consider a dual diagnosis center for which Brown might
have qualified.  After discussing possible living arrangements for Brown, counsel
asked the court to consider a work-release program, but stated, "Your Honor,
[Brown] has indicated to me that she is concerned if she is placed[ ]on supervision,
she may not be able to successfully complete the supervision[,] and she's afraid of
that.  . . .  I hate to see this.  There is really nothing else we can do to assist her."

---

[2]  Brown was assigned a criminal history category of IV in the presentence investigation
report, and her violation of a condition of her supervision constituted a Grade C violation.
U.S.S.G. § 7B1.1(a)(3)(B).  Therefore, Brown's Chapter 7 recommended guidelines range was 6
to 12 months.  *See* U.S.S.G. § 7B1.4(a).

The court asked the probation officer about the types of treatment available to Brown while incarcerated. The probation officer explained that Brown would be eligible for a four-hour drug education class if she was sentenced within the guidelines range, but that Brown would be eligible for an in-depth 500-hour residential program if she had at least 24 months remaining on her sentence. The court replied,

> I'm trying to do what is good for her[,] and I'm prepared to incarcerate her. I was going to follow the recommendation, but if she can't get the 500 hours, I'll give her 24 months[,] and she can get drug treatment[,] or I'll give her 11 months[,] and she is on her own.

Brown's counsel replied, "Judge, she wants the 11 months." The court revoked Brown's supervised release and sentenced her to 11 months imprisonment, followed by a term of 36 months supervised release. Brown did not object to the court's findings of fact or the manner in which the sentence was imposed.

## II. DISCUSSION

Brown argues on appeal that the district court's imposition of an 11-month sentence upon revocation of supervised release was improper because (1) the court failed to explicitly mention that it had considered the 18 U.S.C. § 3553(a) factors, as required by 18 U.S.C. § 3583(e), (2) the sentence failed to adequately take into account Brown's mental health and chemical dependency needs, and (3) there was the alternative possibility of Brown participating in an intensive residential

5

treatment program available to those with both mental and drug addiction disorders. Moreover, Brown asserts that, pursuant to § 3583(d), the court was required to consider the availability of appropriate substance abuse treatment programs. Brown argues that, although the court concluded that it would impose a sentence of either 11 or 24 months imprisonment, neither period of time was accompanied by a treatment program for her condition.

Sentences imposed for violating a condition of supervised release are reviewed for reasonableness.[3] *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). This court reviews *de novo* the interpretation of sentencing provisions governing revocation of supervised release. *See United States v. Quinones*, 136 F.3d 1293, 1294 (11th Cir. 1998).

The revocation of supervised release is authorized if the district court finds by a preponderance of the evidence that the defendant violated a condition of her supervised release. 18 U.S.C. § 3583(e)(3). When confronted with such a violation, "[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . .

[3] The government asserts that because Brown is objecting to the reasonableness of her sentence for the first time on appeal, plain error review, arguably should apply. *See United States v. Kennard*, 472 F.3d 851, 859 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 3004 (2007) (applying plain error analysis to guidelines argument raised for the first time on appeal). As the government correctly points out, however, the same result would be reached under either a reasonableness or plain error standard of review.

revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." *Id.* Some of the § 3553(a) factors the court must consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the need to provide the defendant with educational training or medical or other correctional treatment, the kinds of sentence and the sentencing range, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. *See id.*; 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6). "[B]ecause the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, . . . it is sufficient that there be 'some indication' that 'the district court was aware of and considered' the Guidelines . . . . which requires the court to consider 'the sentencing range established' under the Guidelines." *United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007) (internal citations omitted and emphasis removed).

On the other hand, "[i]f the defendant . . . as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year[,] the court *shall* revoke the term of supervised release and require the

7

defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3)." 18 U.S.C. 3583(g)(4) (emphasis added). "[W]hen revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not *require* consideration of the § 3553(a) factors." *United States v. Brown*, 224 F.3d 1237, 1241-42 (11th Cir. 2000) (emphasis in original) (noting that defendant's revocation was mandatory because statutory criteria set forth in § 3583(g)(1) and (3) was met, even though the district court did not explicitly mention that it was revoking pursuant to § 3583(g)).

Pursuant to 18 U.S.C. § 3559(a)(2), Brown's underlying offense, which has a mandatory maximum of 40 years, is considered a Class B felony. *See* 18 U.S.C. § 3559(a)(2); *see also* 21 U.S.C. § 841(b)(1)(B); (R1-28, 36). For a Class B felony, 18 U.S.C. § 3583(e)(3) authorizes a term of imprisonment upon revocation of not more than three years. *See* 18 U.S.C. § 3583(e)(3).

Section 3583(d) states, in relevant part, that:

> The court *shall* consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test.

18 U.S.C. § 3583(d) (emphasis added).

8

After reviewing the record, we conclude that the district court did not act unreasonably when it sentenced Brown to 11 months imprisonment after revoking her term of supervised release. Brown admitted to the violations in the probation officer's petition, which specified that she tested positive for cocaine use on 11 separate occasions within 4 months, and, therefore, the court was required to revoke Brown's supervised release. Because the revocation was mandatory, the court was not required to consider the § 3553(a) factors. However, the record indicates that the court did consider the factors, even though it did not explicitly mention them. For example, the court discussed with Brown the Chapter 7 recommended guidelines range, 18 U.S.C. § 3553(a)(4). The court also discussed Brown's history and characteristics, 18 U.S.C. § 3553(a)(1), including Brown's (1) mental health issues, (2) drug dependency, and (3) prior living arrangements.

In addition, although Brown's counsel suggested a work-release program, Brown acknowledged that she was unsure whether she would be able to successfully complete a term of supervision. The court discussed imposing a longer term of imprisonment in order for Brown to qualify for an in-depth 500-hour residential treatment program, 18 U.S.C. § 3553(2)(D), but Brown told the court that she preferred the 11-month sentence.

Thus, the record reflects that, prior to imposing a sentence, the district court

considered the availability of substance abuse treatment programs, as directed by § 3583(d), and, even though it was not required to, it also considered the § 3553(a) factors. Further, Brown's 11-month sentence falls within the guideline range of 6 to 12 months and did not exceed the statutory maximum of 3 years imprisonment. Significantly, Brown (1) specifically opted for the shorter sentence, even though it rendered her ineligible for the extensive drug treatment program, (2) never asked the court to consider the policy statements, and (3) did not object to either the sentence or the manner in which the sentence was imposed.

For the above-stated reasons, we affirm Brown's sentence.

**AFFIRMED.**