[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12892
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 96-00075-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO VENTA,
a.k.a. Chino,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 20, 2010)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Gustavo Venta appeals his the 21-months' prison sentence the district court

imposed for Venta's violation of the terms of his supervised release. Venta had been placed on supervised release following the completion of the prison sentence he received in 1997, following his conviction for conspiracy to distribute cocaine. The district court imposed the 21-months' term consecutively to a 188-months' prison sentence Venta had received in a separate case, for possession of a firearm by a convicted felon, the offense that gave rise to the supervised release violation. In his brief on appeal, Venta argues that his 21-months' prison sentence was unreasonable because the district court, although acknowledging that the Sentencing Guidelines are advisory, effectively treated the appropriateness of U.S.S.G. § 7B1.3(f), which advises that sentences for supervised release violations generally should run consecutively to unexpired sentences, as a presumption which he had to overcome. Additionally, the court treated § 7B1.3(f) as a "super-factor." Venta also argues that in light of his age and the 188-months' sentence he was already serving, his good behavior during the three and a half years on supervised release prior to his arrest, and the circumstances of his underlying offense, the sentence was greater than necessary to comply with the sentencing factors prescribed by 18 U.S.C. § 3553(a).

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir.

2006) (citing United States v. Booker, 543 U.S. 220, 258-62, 125 S.Ct. 738, 764-66, 160 L.Ed.2d 621 (2005)). We examine a defendant's sentence for both procedural and substantive reasonableness under an abuse of discretion standard. United States v. Ellisor, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). The standard is deferential, taking into account the totality of the circumstances. Gall v. United States, 552 U.S. 38, 41, 51, 128 S.Ct. 586, 591, 597, 169 L.Ed.2d 445 (2007). The party challenging the sentence carries the burden of establishing unreasonableness. United States v. Flores, 572 F.3d 1254, 1270 (11th Cir.), cert. denied, (U.S. 09-6912) (Nov. 9, 2009).

A sentence is procedurally unreasonable if the district court fails to calculate or improperly calculates the Sentencing Guidelines sentence range, treats the Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence, including an explanation for any deviation from the Guidelines sentence range. United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008). It is reversible error for the district court, as opposed to the court of appeals, to presume that a sentence within the Guidelines sentence range is reasonable. Nelson v. United States, 129 S.Ct. 890, 891-92, 172 L.Ed.2d 719 (2009) (reversing a district court's express presumption that a guideline sentence was reasonable).

3

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). Pursuant to § 3553(a), the district court shall impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7). We defer to the district court's judgment regarding the weight given to each § 3553(a) factor, unless the district court has made "a clear error of judgment" under the facts of a particular case. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

A district court may exercise its discretion to revoke a defendant's term of

4

supervised release and impose a prison sentence if, after considering the § 3553(a) factors, it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3); Sweeting, 437 F.3d at 1107. Although the recommended ranges of imprisonment set forth in Chapter 7 of the Guidelines are merely advisory, when calculating a term of imprisonment upon revocation, a district court must consider them. United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000); See also,U.S.S.G. § 7B1.4(a). The Guidelines advise that a sentence resulting from a supervised release violation "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f). However, whether a term of imprisonment imposed for a violation of supervised release is to be served concurrently or consecutively is a question that 18 U.S.C. § 3584(a) entrusts to the district court's discretion. United States v. Quinones, 136 F.3d 1293, 1295 (11th Cir. 1998).

Here, the district court correctly considered the Guidelines in deciding to run Venta's 21-months' sentence consecutively to his 188-months' sentence, and did not presume the Guidelines to be reasonable or otherwise abuse its discretion in

5

finding that a consecutive sentence would be appropriate. Accordingly, the 21-months' sentence is procedurally reasonable. Moreover, the district court gave measured consideration to Venta's arguments against running the 21-months' sentence consecutively, but determined that they were outweighed by other relevant circumstances in his case.

AFFIRMED.