[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 18, 2010
JOHN LEY
CLERK

_____

Nos. 09-13380 and 09-13385
Non-Argument Calendar

_____

D. C. Docket Nos. 02-00593-CR-TWT-1
and 09-00212-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CELSO HERNANDEZ-CASA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(March 18, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Celso Hernandez-Casa challenges the

consecutive sentences imposed upon his conviction for illegal re-entry into the United States after previously having been deported as an aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2), and the revocation of the supervised release he was serving at the time, pursuant to 18 U.S.C. § 3583(e)(3). Upon review, we conclude the sentences imposed were reasonable and therefore affirm.

In 1997, Hernandez-Casa pleaded guilty in federal court to three counts of drug-trafficking, received a 31-month sentence, and was subsequently deported. In 2002, however, he was arrested in Georgia and pleaded guilty to illegally re-entering the United States after previously having been deported. He was sentenced to 46 months' imprisonment and 36 months' supervised release. In 2006, Hernandez-Casa was released from custody and again deported.

In November 2008, Hernandez-Casa was arrested in Tennessee for driver's license violations. As a result, the district court approved a petition for an arrest warrant and an order to show cause why Hernandez-Casa's supervised release should not be revoked. While the revocation case was pending, the government filed an information charging Hernandez-Casa with illegal re-entry. Hernandez-Casa waived his right to an indictment and pleaded guilty.[1]

With regard to Hernandez-Casa's substantive offense of illegal re-entry, the

---

[1] In addition to the arrest in Tennessee, Hernandez-Casa was arrested in Georgia for driver's license violations and his supervised release violation warrant.

probation officer calculated the guidelines range as follows: Hernandez-Casa had a base offense level of 8, with a 16-level enhancement for his previous aggravated felony convictions, U.S.S.G. § 2L1.2(a) and (b)(1)(A)(i), and a 3-level reduction for acceptance of responsibility, § 3E1.1, resulting in a total offense level of 21. With a criminal history category of V, the advisory guidelines range was 70 to 87 months' imprisonment. The statutory maximum term of imprisonment was 20 years. Hernandez-Casa made no objections to the calculations, but asserted that a sentence below the guidelines range was appropriate under the 18 U.S.C. § 3553(a) factors.

According to Hernandez-Casa, since his 2006 deportation, he had settled himself in Mexico, had a job and family there, and was doing well. He had returned to the United States only to take his mother back with him to Mexico so that she could die in her home country, but he ended up staying in the United States longer than planned because his mother became too ill to travel at that time.

At the sentencing and revocation hearing, the district court first addressed Hernandez-Casa's substantive offense, adopting the un-objected to guidelines calculations. Hernandez-Casa asked the district court to sentence him to "time served" so that he could be deported immediately to Mexico and be with his dying mother. The government responded that Hernandez-Casa previously had been

3

deported twice for felony offenses, and yet he always returned to the United States. The government requested a sentence near the middle of the guidelines range, to run consecutively to the sentence imposed for Hernandez-Casa's violation of his supervised release.

Expressing "grave doubts" about Hernandez-Casa's story, the district court denied the request for a sentence below the guidelines range. The court explained that, even if it believed the story, Hernandez-Casa had been deported on two previous occasions and already had been convicted once of illegally re-entering the United States. In the district court's view, these were "aggravating factors" indicating that a sentence below the guidelines range was not appropriate. Accordingly, the district court sentenced Hernandez-Casa to 70 months' imprisonment. The district court explained that it imposed the low-end sentence because "the aggravating factors that exist in the case, specifically the Defendant's prior criminal conduct, have already been taken into consideration in the calculation of the guidelines range." The court also stated that the sentence appropriately took into consideration the 18 U.S.C. § 3553(a) sentencing factors, "specifically the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for the sentence imposed to reflect the seriousness of the offense and the need to avoid unwarranted sentencing

4

disparities." Hernandez-Casa objected to the district court's denial of his motion for a sentence below the guidelines range and to the district court's sentence as procedurally and substantively unreasonable.

The district court then addressed the revocation of Hernandez-Casa's supervised release. After Hernandez-Casa admitted the violation in the petition to revoke his supervised release, the district court stated that it was a Grade B violation and, with Hernandez-Casa's original criminal history category of III, the guidelines range was 8 to 14 months' imprisonment. Hernandez-Casa did not object to that guidelines calculation, but argued that his violation would have been a Grade C violation but for the fact that he pleaded to the substantive offense underlying it. He asked for a concurrent sentence because, even though the Guidelines recommended a consecutive sentence, the Guidelines were not mandatory and no additional conduct was alleged regarding his violation, other than the substantive offense for which he had just been sentenced.

The district court sentenced Hernandez-Casa to 8 months' imprisonment to be served consecutively to the 70-month sentence already imposed. The district court again explained that it sentenced Hernandez-Casa at the low-end of the guidelines range because the guidelines range already reflected the aggravating factors in the case. Hernandez-Casa raised the same objections he had raised

earlier.  This appeal followed.[2]

We review the reasonableness of a sentence, including one imposed upon revocation of supervised release, under a deferential abuse-of-discretion standard. *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  Reasonableness review involves a two-step process.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  We first look at whether the district court committed any significant procedural error, and then at whether the sentence is substantively reasonable under the totality of the circumstances.  *Id.*

A district court commits a significant procedural sentencing error if it, for example, (1) improperly calculates the guidelines range; (2) treats the Guidelines as mandatory; (3) fails to consider the 18 U.S.C. § 3553(a) sentencing factors; (4) selects a sentence based on clearly erroneous facts; or (5) fails to explain the chosen sentence adequately.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

If there is no procedural error, we then review the substantive reasonableness of the sentence.  *Id.* at 51.  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable."  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  A sentence is

---

[2] After Hernandez-Casa filed a notice of appeal from both sentences, this court granted his unopposed motion to consolidate the two cases on appeal.

6

substantively unreasonable if, under the totality of the circumstances, it fails to achieve the purposes of sentencing listed in § 3553(a). *Pugh*, 515 F.3d at 1191. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted). Moreover, we expect that a sentence imposed within the advisory guidelines range is substantively reasonable. *Talley*, 431 F.3d at 788.

With regard to revocation, after considering the relevant factors in § 3553(a), the district court may revoke a term of supervised release and impose a sentence of imprisonment if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Upon revocation, the district court may "require the defendant to serve in prison all or part of the term of supervised release authorized by statute . . . without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3).

With regard to imposition of a consecutive sentence, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). "[I]n determining whether the terms imposed are to be ordered

to run concurrently or consecutively, [the district court] shall consider . . . the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). These provisions apply to imprisonment terms following revocation of supervised release. *United States v. Quinones*, 136 F.3d 1293, 1294-95 (11th Cir. 1998). Moreover, although U.S.S.G. § 7B1.3(f) is not binding, this guideline recommends that any term of imprisonment imposed upon revocation of supervised release be made consecutive, even if "the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." *See United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006) ("While the district court is required to consider the policy statements [of Chapter 7], it is not bound by them.").

Based on a review of the record and the parties' briefs, we conclude that Hernandez-Casa's sentences were procedurally and substantively reasonable. First, the district court did not commit any procedural sentencing error. The court correctly calculated the guideline ranges and treated the guidelines as advisory. The court also consider the § 3553(a) factors and explained its reasoning in imposing the specific sentences.

Second, both sentences were imposed at the low-end of the applicable advisory guidelines ranges and were well below the statutory maximum terms of imprisonment. Hernandez-Casa has not shown that the sentences were otherwise

substantively unreasonable.  As a result, we

**AFFIRM.**