United States Court of Appeals,

Eleventh Circuit.

No. 96-9442.

UNITED STATES of America, Plaintiff-Appellee,

v.

Thomas John QUINONES, Defendant-Appellant.

March 11, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (NO. 1:96-CR-90-1-HLM), Harold L. Murphy, Judge.

Before COX and HULL, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

PER CURIAM:

Appellant Thomas J. Quinones was sentenced to two consecutive 18-month terms of imprisonment following his violation of a condition of two concurrent terms of supervised release. He appeals, and we affirm.

*Background*

Quinones was convicted of credit card fraud in the Northern District of Georgia and sentenced to a prison term followed by a term of supervised release. While serving this prison term, he was convicted in the District of South Carolina for another instance of credit card fraud and sentenced to terms of imprisonment and of supervised release that were to run concurrently with the terms imposed by the Northern District of Georgia.

While Quinones was serving these concurrent terms of supervised release, Quinones's probation officer sought to revoke them on several grounds, including Quinones's commission of the felony of unlawfully entering a motor vehicle. The South Carolina and Georgia cases were consolidated in the Northern District of Georgia. At a revocation hearing there, the court found

(based on Quinones's admission) that Quinones had broken into a car for the purpose of stealing a leather jacket, a Class B violation of supervised-release conditions. *See* U.S.S.G. § 7B1.1(a)(2). The court revoked the terms and sentenced Quinones to 18 months' imprisonment for each violation, to be served consecutively.

Quinones appeals, contending that the district court lacked the discretion to sentence him to consecutive terms of imprisonment following the revocation of his concurrent terms of supervised release. We review the district court's interpretation of sentencing provisions de novo. *United States v. Granderson,* 969 F.2d 980, 982 (11th Cir.1992).

*Discussion*

This question is one of first impression in this circuit, but not elsewhere. In *United States v. Cotroneo,* 89 F.3d 510 (8th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 533, 136 L.Ed.2d 419 ( 1996), the Eighth Circuit resolved this precise issue against the defendant. The court reasoned that 18 U.S.C. § 3584(a), which governs imposition of multiple terms of imprisonment, permits a court to order multiple terms to run consecutively.[1] Section 3584(a) does not exclude from its operation the imposition of imprisonment terms following the revocation of terms of supervised release. The court found, moreover, no statutory or Sentencing Guidelines provision that constricted the discretion that § 3584(a) confers upon the district court in these circumstances. The Eighth Circuit accordingly concluded that consecutive sentences for violation of conditions of two terms of supervised release are permissible.

Quinones argues to the contrary that 18 U.S.C. § 3583(e), which governs modification and revocation of terms of supervised release, narrows the district court's discretion at sentencing

---

[1]Section 3584(a) provides in pertinent part: " If multiple terms of imprisonment are imposed on a defendant at the same time, ... the terms may run concurrently or consecutively."

following a supervised-release violation. That section provides a laundry list of how a court may modify the conditions or length of a term of supervised release; Quinones posits that the list does not include the power to alter the concurrent or consecutive nature of the term of supervised release. Quinones therefore concludes that the district court could not change the original concurrent nature of his terms of supervised release.

Alternatively, Quinones asserts that by analogy to U.S.S.G. § 5G1.2(d), only concurrent sentences could be imposed in his circumstances. That section provides that sentences imposed on multiple counts of conviction must run concurrently *unless* a consecutive sentence is necessary to reach the "total punishment" because the highest statutory maximum sentence among the counts is below the "total punishment." The "total punishment" is determined by Part D of Chapter 3 of the Guidelines, which directs the court to group counts together and determine a single, combined offense level and punishment taking into account all the convictions for which sentence is being imposed. *See* U.S.S.G. § 3D1.1(a). Here, Quinones apparently contends, his "total punishment" should have been 18 months because the violations were due to be grouped for sentencing to produce a possible "total punishment" of 12-24 months, from which range the court chose 18 months. Because his "total punishment" was only 18 months, according to Quinones, the court could not have used consecutive sentences to arrive at a total prison term of 36 months.

We reject Quinones's position and embrace the Eighth Circuit's. The district court acted within the confines of 18 U.S.C. § 3583(e)(3); it revoked Quinones's term of supervised release. But Quinones had two such terms, and the district court could therefore revoke both and sentence Quinones to a term of imprisonment for each violation. Whether these terms were to be consecutive or concurrent was a question that § 3584(a) entrusts to the court's discretion.

We decline, furthermore, to invoke an analogy to initial sentencing under U.S.S.G. § 5G1.2

to restrict the district court's statutorily provided discretion.  Section 5G1.2 does not by its terms apply to imposition of terms of imprisonment upon revocation of supervised release.  *See* U.S.S.G. § 5G1.2 commentary ("This section specifies the procedure for determining the specific sentence to be formally imposed on each count in a multiple-count case.")  And the Guidelines are not silent about revocation;  they address it in policy statements.  *See* U.S.S.G. § 7B1.1-.5.  Those policy statements, however, say nothing about concurrence or consecutiveness.  This silence leaves intact the district court's statutory discretion.

*Conclusion*

For the foregoing reasons, the district court's judgment is affirmed.

AFFIRMED.