[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2006
THOMAS K. KAHN
CLERK

No. 06-10162
Non-Argument Calendar
_____

D. C. Docket No. 05-00086-TP-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS ESPINOZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 18, 2006)**

Before and DUBINA, BARKETT, and HULL, Circuit Judges.

PER CURIAM:

Juan Carlos Espinoza appeals his 10-month sentence imposed upon the

revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e). Espinoza argues on appeal that his sentence is unreasonable because the district court "gave undue consideration to the guidelines and essentially disregarded other [18 U.S.C.] § 3553(a) factors." Factors to which the court should have given substantial consideration, according to Espinoza, are: (1) that he returned to the United States after his deportation to Venezuela in order to retrieve his wife, children and mother; and (2) that the 35-month sentence for unlawful re-entry took into account the fact that he had violated supervised release. Espinoza argues, with regard to this last point, that the district court, by imposing a consecutive sentence, punished him "a second time" for violation of his supervised release.

In the wake of United States v. Booker, 543 U.S. 220 (2005), we review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). As we explained in Sweeting:

> Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) provides that district courts imposing a sentence must first consider, inter alia, (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences

2

and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3553(a).

Id. at 1107. Whether a term of imprisonment imposed for a violation of supervised release is to be served concurrently or consecutively is "a question that [18 U.S.C.] § 3584(a) entrusts to the [district] court's discretion." United States v. Quinones, 136 F.3d 1293, 1295 (11th Cir.1998). See also id.; U.S.S.G., ch. 7, pt. B, introductory comment. The guidelines recommend that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release . . . be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence . . . being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. § 7B1.3(f); U.S.S.G., ch. 7, pt. B, introductory comment ("It is the policy of the Commission that the sanction imposed upon revocation . . . be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation.").

Upon review of the sentencing transcript, the judgment, and the parties' briefs, we discern no reversible error. Espinoza admitted that he violated the conditions of his supervised release; therefore the district court acted within its discretion when it revoked his release. See 18 U.S.C. § 3583(e). The district

3

court sentenced Espinoza to 10-months' imprisonment, which is at the low end of the recommended Guideline imprisonment range of 8 to 14 months and within the statutory maximum sentence for a Grade B felony. U.S.S.G. § 7B1.4(a); 18 U.S.C. § 3583(e). In doing so, it adequately considered the § 3553(a) factors in arriving at Espinoza's sentence, including his criminal history, his prior violations of supervised release, his conduct while illegally in the United States, and his responsibility to his family. Furthermore, the district court acted within its discretion when it imposed a consecutive sentence. See Quinones, 136 F.3d at 1295. In sum, Espinoza's 10-month consecutive sentence was within the applicable statutory maximum and the recommended guideline range, and was reasonable in light of the evidence of his conduct while on supervised release. Accordingly, we affirm Espinoza's sentence.

**AFFIRMED.**