[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2009
THOMAS K. KAHN
CLERK

No. 08-13930
Non-Argument Calendar

_____

D. C. Docket No. 91-00111-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2009)

Before DUBINA, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Appellant Eddie Davis appeals the revocation of his supervised release and

his 36-month sentence following his supervised release revocation hearing. Davis argues (1) that the district court erred by admitting hearsay testimony at his revocation proceeding, and (2) that his 36-month sentence is substantively unreasonable. We affirm.

## I.

Davis first contends that the district court improperly admitted Lina Lyons's hearsay statements and these admissions violated his due process and confrontation clause right to confront his accuser. Davis argues that the balancing test the court must apply here between (1) Davis's right to confront his accuser (Lyons), and (2) the government's reason for not producing Lyons, must weigh in his favor because Lyons's statement was the only evidence that Davis committed domestic battery on Lyons, and this charge led to the revocation of his supervised release and prison sentence.

We review a district court's revocation of supervised release for an abuse of discretion. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). Although the Federal Rules of Evidence do not apply in supervised release revocation proceedings, defendants are entitled to certain minimal due process requirements, including the right to confront and cross-examine adverse witnesses. *Id*. at 114. Fed.R.Crim.P. 32.1, which applies to supervised release revocation, incorporates

these same minimal due process requirements. *Frazier*, 26 F.3d at 114. In deciding whether to admit hearsay testimony, "the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* In addition, the hearsay evidence must be reliable. *Id.*

We conclude from the record that the district court did not abuse its discretion in admitting Lyons's verbal statements to Shireling and Deputy Baker and her April 15, 2008, written statement to Davis's probation officer. The district court reasonably determined that Lyons's statements to Shireling fell within the excited utterance exception to the hearsay rule, Fed.R.Evid. 803(2), as her statements related to the startling event and were made under stress. In admitting Lyons's other statements, the court properly performed the *Frazier* balancing test and also determined that Lyons's statements were reliable. Therefore, the district court did not abuse its discretion. *Id.*

## II.

Davis also argues that his sentence was substantively unreasonable because the 36-month sentence is between 4 and 12 times the advisory guideline range, and there is nothing in the record to support the reasonableness of this variance. Davis contends that the underlying domestic battery offense is subject to a maximum

3

penalty of 12 months, so he is serving three times the state maximum for the underlying offense. Davis further contends that, by making his three year sentence run consecutive to the 15-year sentence he received from the state probation case, the district court effectively gave him an 18-year sentence when the underlying offense was only punishable by up to one-year imprisonment.

We review the district court's ultimate sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam). A final sentence may be procedurally or substantively unreasonable. *Gall v. United States*, 552 U.S. __,__, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). A sentence may be procedurally unreasonable if the district court (1) improperly calculates the Guidelines range, (2) treats the Guidelines as mandatory, (3) fails to consider the appropriate § 3553(a) factors, (4) selects a sentence based on clearly erroneous facts, or (5) fails to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range. *Id.* A district court is not required to state that it has explicitly considered each of the § 3553 factors or to discuss each factor. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir.), *cert denied*, ___ U.S. ___, 128 S. Ct. 427, 169 L. Ed. 2d 299 (2007). Rather, the district court's explicit acknowledgment that it has considered the § 3553 factors and the defendant's arguments will suffice.

*United States v. Scott*, 426 F.3d 1324, 1329–30 (11th Cir. 2005). To that end, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, ___, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203, 207 (2007).

If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. *Gall,* 552 U.S. at __, 128 S. Ct. at 597. We review the substantive reasonableness of a sentence under an abuse of discretion standard to determine whether the district judge abused his discretion in determining that the § 3553(a) factors supported the sentence. *Id.* at 600. After considering the factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), a district court may revoke a term of supervised release and impose a sentence of imprisonment if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "[T]here is a range of reasonable sentences from which the district court may choose," and thus, our deferential reasonableness review focuses on "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of

establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *Id.* Also, whether terms of supervised release are to be served concurrently or consecutively is a question that 18 U.S.C. § 3584(a) entrusts to the district court's discretion. *United States v. Quinones*, 136 F.3d 1293, 1295 (11th Cir. 1998).

Davis has not established that his sentence is substantively unreasonable. Although Davis argues he is being sentenced well beyond his exposure if convicted of domestic violence battery, the 15-year sentence for a probation violation was based on that state court's discretion, unreviewable here, to determine an appropriate sentence. Here, the district court only sentenced Davis to 36 months' imprisonment. We must give the district court's decision "due deference," *Gall*, 128 S.Ct. at 597, as "there is a range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788. After calculating the advisory guideline range and hearing both Davis's and the government's arguments for the appropriate sentence, the district court decided an upward variance was warranted to reflect the nature and circumstances of the case, Davis's background and characteristics, the need to impose a sentence that reflects the seriousness of the offense, promote respect for the law, encourage deterrence, and protect the public from future crimes by Davis. Also, the district court acted

within its discretion by deciding to have Davis's sentence run consecutive to his 15-years state sentence. *See Quinones*, 136 F.3d at 1295. Davis has not shown that the district court abused its discretion in imposing a variance above the guideline range.

For the above-stated reasons, we affirm the order of revocation and Davis's prison sentence.

**AFFIRMED.**