[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12636
No. 10-12670
No. 10-13637
No. 10-13638
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 1:94-cr-01012-MP-1
1:10-cr-00012-MP-AK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC D. KIMBLE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(April 21, 2011)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Eric Kimble appeals his sentence of 48 months of imprisonment, which was imposed after revocation of his supervised release. 18 U.S.C. § 3583(e)(3). Kimble argues that the district court erred by relying on hearsay evidence without considering his right to confront the victim or determining the reliability of the hearsay as required by United States v. Frazier, 26 F.3d 110 (11th Cir. 1994), and his sentence is procedurally unreasonable. Kimble also argues, for the first time on appeal, that the district court should have struck sua sponte a violation listed in the petition to revoke. We affirm.

In 1995, Kimble pleaded guilty to conspiring to commit a carjacking, carjacking, and possessing a firearm during that crime of violence. The district court sentenced Kimble to 181 months of imprisonment followed by three years of supervised release. In 2004, Kimble pleaded guilty to conspiring to possess with intent to distribute heroin and was sentenced to 24 months of imprisonment and three years of supervised release.

In 2010, a probation officer charged Kimble with violating five conditions of his supervised release in both his carjacking and drug cases: (1) committing a new offense by falsely imprisoning and robbing Christopher Ramirez "with a firearm"; (2) failing to "submit monthly reports"; (3) failing to submit to the

2

officer a "financial disclosure statement"; (4) failing to "make restitution payments"; and (5) possessing marijuana. Kimble admitted charges 2, 3, 4, and 5, but he contested the first charge.

At the revocation hearing, the United States presented testimony from Brett Starr and Jeff Nordberg of the Gainesville Police Department about Kimble's crimes against Christopher Ramirez. Detective Jeff Nordberg testified about statements that Ramirez had made to Nordberg and to another officer, and Nordberg testified about other corroborating evidence. The district court found by a preponderance of the evidence that Kimble had falsely imprisoned and robbed Ramirez. The district court revoked Kimble's supervised release and sentenced him to serve concurrent terms of 24 months of imprisonment for charges 2 through 5 and to a consecutive term of 24 months of imprisonment for charge 1.

Two days after the revocation hearing, Kimble moved the district court to provide reasons for the sentence it had imposed and to reconsider its finding that Kimble was guilty of charge 1. The district court granted Kimble's motion in part and conducted a new sentencing hearing. During the hearing, the district court stated that it had "in fact consider[ed] the statutory conditions or matters that should go into consideration in the imposition of any sentence, as well as the guidelines . . . and the notes and the interpretations of them." The district court

3

denied Kimble's motion to reconsider on the grounds that "there [had been] nothing improper about introducing the statements of [Ramirez] through the detective on the case"; Kimble had "acknowledge[d] that hearsay is admissible" and had "himself relied upon hearsay"; and Kimble "could have subpoenaed the victim as a witness," but "did not choose to do so or to explain why not."

Kimble and the United States agree that the district court failed to comply with Frazier, but the parties disagree about what standard of review applies to the issue. Kimble argues that the issue should be reviewed for harmless error because he raised the Frazier argument in his motion to reconsider and the district court rejected his argument on the merits. The United States responds that Kimble's objection to the hearsay evidence was untimely and the issue should be reviewed for plain error. We need not decide the correct standard of review. Even if Kimble preserved the issue for our review, the error was harmless.

Kimble was not harmed when the district court relied on Detective Nordberg's testimony to find Kimble guilty of violating a condition of his supervised release or in sentencing Kimble. To violate Kimble's right of due process, Nordberg's testimony must have been "materially false or unreliable" and "actually served as the basis for [his] sentence," United States v. Taylor, 931 F.2d 842, 847 (11th Cir. 1991), but Nordberg's testimony was materially consistent

4

with other evidence, see United States v. Gordon, 231 F.3d 750, 761 (11th Cir. 2000) (reliability of hearsay statements can be "apparent from the record"). Nordberg's testimony was consistent with Ramirez's testimony at a deposition that Kimble had entered Ramirez's apartment carrying a glass jar with a clamp lid; drew a .22 caliber handgun and forced Ramirez to relinquish his wallet; placed plastic ties over Ramirez's hands; used duct tape to cover Ramirez's mouth and bind his ankles; stole $960 composed largely of $20 bills; and threatened to kill Ramirez if he pursued Kimble. Nordberg's testimony about Ramirez being bound was consistent with the testimony of Officer Brett Starr that he had photographed pieces of severed duct tape and zip ties on the floor of Ramirez's apartment. Ramirez identified Kimble as his assailant during a photographic line-up, and Nordberg examined cellular telephone records that established Ramirez and Kimble had talked on the day of the robbery. Kimble admitted that he had purchased marijuana from Ramirez and, when Nordberg arrested Kimble, he was in possession of a glass jar with a clamp lid that contained marijuana and a billfold containing a large number of $20 bills. Although Kimble complains about the use of hearsay evidence against him, Kimble also relied on hearsay evidence. He introduced during his revocation hearing affidavits to support his alibi defense and he later submitted Ramirez's deposition in support of his motion to reconsider.

5

The district court also did not plainly err by failing to strike sua sponte a violation listed in Kimble's petition to revoke his supervised release. Kimble argues that the original judgment in his drug case "did not contain any express condition . . . that [he] submit all financial documents as required by the probation officer," but this argument lacks merit. Kimble was charged with failing to submit a financial report by a specific date as "instructed" by his probation officer, and the third standard condition of Kimble's supervised release required that he "follow the instructions of [his] probation officer."

The district court committed no procedural error in sentencing Kimble. The district court found by a preponderance of the evidence that Kimble had committed a new offense, for which Kimble was subject to a sentencing range between 24 and 30 months of imprisonment, United States Sentencing Guidelines Manual § 7B1.4(a). Kimble's sentence of 48 months of imprisonment is well below the five-year statutory maximum sentence. 18 U.S.C. § 3583(e)(3). Although the district court was not required to consider the sentencing factors because Kimble "violate[d] a condition of supervised release prohibiting [him] from possessing a firearm," id. § 3583(g)(2), the district court nevertheless took those factors into account in fashioning an appropriate sentence, see id. § 3553. Kimble complains about the decision to impose consecutive sentences, but that

6

decision is one "entrust[ed] to the [district] court's discretion." <u>United States v. Quinones</u>, 136 F.3d 1293, 1295 (11th Cir. 1998); <u>see</u> 18 U.S.C. § 3584(a).

The revocation of Kimble's supervised release and his sentence are **AFFIRMED**.