[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14916
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00427-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN MONTANEZ-RINCON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 5, 2011)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

In April 2008, appellant was indicted in the Southern District of Texas for

illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b),

and in August of that year, having pled guilty to the charge, he was sentenced to 15 months' imprisonment and a two-year term of supervised release. His term of supervised release began on May 12, 2009, and he was removed from the United States on May 20, 2009. Less than 10 months later, he re-entered the United States illegally. He was arrested in Cobb County, Georgia, on February 27, 2010 for various offenses, including giving false information to a law enforcement officer and driving a vehicle with an open container of alcohol. On March 26, 2010, the Southern District of Texas probation office petitioned the district court to revoke appellant's supervised release based on his illegal re-entry and commission of the offenses in Cobb County. The court transferred jurisdiction of the matter to the Northern District of Georgia.

On June 22, 2010, appellant was indicted in the Northern District of Georgia for being an alien found in this country after having been removed following a conviction for an aggravated felony, in violation of §§ 1326(a) and (b)(1). On August 12, 2010, he pled guilty to the charge. On October 6, 2010, the court held a consolidated disposition hearing on the §§ 1326(a) and (b)(1) charge and the petition for revocation of supervised release. The court sentenced appellant to a prison term of 30 months on the §§ 1326(a) and (b)(1) charge and, after appellant admitted the allegations of the petition for revocation, revoked his

2

supervised release sentenced him to a prison term of 18 months, to be served consecutively to the 30 months' term.

Appellant now appeals his revocation sentence of 18 months. He argues that the sentence is procedurally unreasonable because the district court failed to show that it considered his arguments and to render an adequate explanation of its reasoning for the imposition of the sentence consecutively. Appellant argues, in addition, that his sentence was substantively unreasonable, in light of the facts that: (1) he had a difficult childhood growing up in Reynosa, Mexico; (2) he returned to the United States to be reunited with his two children; and (3) he feared for his life in Reynosa, due to the drug cartels and gang violence. He argues that this 18-months' sentence should have been imposed concurrently to the 30-months' sentence and, because it is consecutive, the sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) purposes of sentencing.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). Review for reasonableness is deferential and is analyzed under the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Talley*, 431 F.3d 784, 788

3

(11th Cir. 2005). To convince us that his sentence is unreasonable, appellant must establish that it is unreasonable in light of both the record and the sentencing purposes set out in § 3553(a).[1]

*United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007). Our first task is to determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The district court need not state on the record that it explicitly considered each § 3553(a) factor and need not discuss each factor. *Talley*, 431 F.3d at 786. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient" under [*United States v.*] *Booker*. *Id.*

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medial care, or correctional treatment; (3) the Sentencing Guidelines' range; (4) pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (6) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

If we conclude that the district court made no procedural errors, we "then consider the substantive reasonableness of the sentence imposed." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The review for substantive unreasonableness involves an examination of the totality of the circumstances, including an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). A sentence is substantively unreasonable if it does not achieve the purposes of sentencing stated in § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

After considering the factors of § 3553(a), a district court may revoke a term of supervised release and impose a term of imprisonment if it determines by a preponderance of the evidence that a violation has occurred. 18 U.S.C. § 3583(e)(3). The introduction to Chapter Seven of the Sentencing Guidelines, which sets forth the policy statements for violations of supervised release, provides that "at revocation the court should sanction primarily the defendant's breach of trust . . . [and] the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." U.S.S.G., ch. 7, pt. A, cmt. 3(b). Section 7B1.3(f) of the guidelines reiterates the Commission's policy that prison terms for release violations should be consecutive sentences.

5

The district court is given statutory authority under 18 U.S.C. § 3584 to impose consecutive or concurrent sentences, but must consider the factors of § 3553(a) in making that determination. This statute governs sentences for the violation of supervised release, thereby placing the decision to impose a consecutive revocation sentence within a district court's discretion. *United States v. Quinones*, 136 F.3d 1293, 1295 (11th Cir.1998). Further, the weight accorded to the § 3553(a) factors is left to the district court's discretion, and we will not substitute our judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

Upon review of the record and the parties' arguments, we conclude that appellant failed to carry his burden of showing that his sentence was procedurally or substantively unreasonable. The sentence was procedurally reasonable because the district court stated that it considered the § 3553(a) sentencing purposes and the parties' arguments. The sentence was substantively reasonable because it was at the bottom of the Guidelines sentence range, and supported by the § 3553(a) purposes.

AFFIRMED.