[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15311
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cr-14032-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUGUSTO DOMINGO MONRROY,

Defendant-Appellant.

_____

No. 12-15312
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-14028-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUGUSTO DOMINGO MONNROY-AJPACAJA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(May 3, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

On September 14, 2012, the District Court sentenced Augusto Monrroy on a plea of guilty to a prison term of 20 months for illegal re-entry following deportation, in violation of 8 U.S.C. § 1326(a), and on September 27, 2012, the court sentenced him to a consecutive sentence of 12 months for violating the conditions of supervised release imposed in the sentence he received following a previous conviction for violating § 1326(a). He appeals both sentences, arguing that the sentences are unreasonable because the court failed to adequately consider his argument for leniency and the sentencing factors of 18 U.S.C. § 3553(a), and did not explain its reasons for the sentences. He also argues that the criminal history calculation used to determine the advisory guideline sentence range for the

2

2012 conviction took his 2011 conviction into consideration twice, once for the conviction itself and again, pursuant to U.S.S.G. § 4A1.1(d), for committing the 2012 offense while on supervised release from the conviction.  Due to this "double counting," he should have received a lower, non-consecutive sentence.  We affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007); *see also United States v. Sweeting*, 437 F.3d 1105, 1106 (11th Cir. 2006) (holding that a sentence imposed upon revocation of supervised release is reviewed for reasonableness).  We consider whether the sentence was procedurally unreasonable due to an error of the district court, such as failure to consider the § 3553(a) factors or to adequately explain the chosen sentence.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  While 18 U.S.C. § 3553(c) requires the court to state its reasons for the sentence in open court, the court is not required to articulate its consideration of every § 3553(a) factor, especially where it is obvious that the court considered many of the factors.  18 U.S.C. § 3553(c); *see United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006).  The court must state enough to show that it considered the parties' arguments and had a reasoned basis for imposing the sentence.  *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

3

We disturb a sentence as substantively unreasonable only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011) (quotation omitted).  The court commits a clear error of judgment when it imposes a sentence that does not achieve the sentencing goals of § 3553(a), which include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, and deterring criminal conduct.  *Id.* at 1189; 18 U.S.C. § 3553(a)(2)(A), (B).

The court has discretion to impose a sentence upon revocation of supervised release consecutively to other sentences being served by the defendant.  *See United States v. Quinones*, 136 F.3d 1293, 1294-95 (11th Cir. 1998) (holding that 18 U.S.C. § 3584(a), which permits the court to impose consecutive terms of imprisonment, applies to revocation sentences); *see also United States v. Hofierka*, 83 F.3d 357, 360-62 (11th Cir. 1996) (explaining that the policy statements of Chapter Seven of the Sentencing Guidelines were never intended to be binding).  In order to decide whether to impose consecutive or concurrent sentences, the court must consider the § 3553(a) factors.  18 U.S.C. § 3584(b).  The Sentencing Guidelines recommend that any sentence imposed upon revocation of supervised

release "be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f).

Monrroy's consecutive sentences are reasonable. The court considered the arguments of the parties and the § 3553(a) factors, and articulated its reasoning for the sentence. *See Gall*, 552 U.S. at 51, 128 S.Ct. at 597; *Rita*, 551 U.S. at 356, 127 S.Ct. at 2468. The record indicates that the sentences were based on Monrroy's history of repeated illegal re-entry into the United States and his disregard of the court's prior warning that he would receive severe punishment if he returned. Moreover, the sentences reflected the seriousness of the offense and provided just punishment in light of the fact that Monrroy had been deported and re-entered the United States on five prior occasions. *See* 18 U.S.C. § 3553(a)(2)(A); *Irey*, 612 F.3d at 1189. Monrroy's history led to court to impose sentences at the high end of the guideline ranges to promote his respect for the law and to adequately deter his future criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A), (B).

Further, the court did not abuse its discretion by imposing the sentences consecutively, because it adequately considered the § 3553(a) factors and followed the recommendation of the Sentencing Guidelines. *See Quinones*, 136 F.3d at 1294-95; U.S.S.G. § 7B1.3(f).

AFFIRMED.