[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12109
Non-Argument Calendar
_____

D.C. Docket No. 0:00-cr-06235-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS BARRETT STRINGER,

Defendant-Appellant.


_____

No. 12-12111
Non-Argument Calendar
_____

D.C. Docket No.  0:00-cr-06236-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS B. STRINGER,

Defendant-Appellant.

_____

No. 12-12211
Non-Argument Calendar
_____

D.C. Docket No. 0:00-cr-06227-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS BARRETT STRINGER,

Defendant-Appellant.

_____

No. 12-12212
Non-Argument Calendar
_____

D.C. Docket No. 0:00-cr-06133-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS BARRETT STRINGER,
a.k.a. Thomas B. Stringer,
a.k.a. Hank A. Black,

Defendant-Appellant.

————————————————

No. 12-12390
Non-Argument Calendar

————————————————

D.C. Docket No.  1:02-cr-20079-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS BARRETT STRINGER,

Defendant-Appellant.

————————————————

Appeals from the United States District Court
for the Southern District of Florida

————————————————

(December 3, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

3

Thomas Barrett Stringer appeals the revocation of his supervised release and his sentence of 99 months of imprisonment.  See 18 U.S.C. § 3583(e).  Stringer argues that the district court violated his right of access to the courts under the Fifth Amendment, which impaired his ability to represent himself, in violation of the Sixth Amendment.  Stringer also argues that his sentence is unreasonable.  We affirm.

The district court did not violate Stringer's constitutional rights.  Although a prisoner is entitled to access to the courts, the denial of access to legal materials does not violate the Fifth Amendment unless that deprivation impedes the prisoner from pursing a nonfriviolous claim for relief.  Wilson v. Blankenship, 163 F.3d 1284, 1290 –91 (11th Cir. 1998) (discussing Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491 (1977), and Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174 (1996)).  Stringer fails to identify any issue that he was unable to raise because he was separated from his personal files while being transferred between Florida and New York to resolve the violations of his supervised release and outstanding criminal charges or because he was allegedly denied access to a pen and paper and a legal library while he was detained in a Florida jail.  Because Stringer twice waived his right to appointed counsel and opted to represent himself with the assistance of standby counsel, "the alternative of a library [was] not mandatory."  See Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986).  As a pro se litigant, Stringer

4

had his revocation hearing continued four times, filed numerous motions in the state and federal courts, and filed a large omnibus motion for a continuance for discovery and a dismissal, in whole and in part, of the petition for revocation. During his revocation hearing, Stringer was knowledgeable of his numerous offenses, recalled comments made by a judge in New York during an earlier sentencing hearing, and challenged the authenticity of a judgment. Stringer decided to "manage[] his own defense[ and] relinquishe[d], as a purely factual matter, many of the traditional benefits associated with the right to counsel." See Faretta v. California, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975). In the light of Stringer's ability to manage his case, we cannot say that the denial of access to unspecified legal materials impeded his right to self-representation under the Sixth Amendment. See Alvarez v. Att'y Gen. for the State of Fla., 679 F.3d 1257, 1266 (11th Cir. 2012).

The district court also did not abuse its discretion in sentencing Stringer. The district court revoked Stringer's supervised release in four cases for which he had been convicted of bank fraud, 18 U.S.C. § 1344, and uttering counterfeit securities, id. § 513(a). Stringer had already violated his supervised release by escaping from a prison camp in January 2002 and by absconding for two years during which he committed several fraud offenses in Florida, for which he received a sentence of 159 months of imprisonment, and in New York, for which he

5

received a sentence of 60 months of imprisonment.  The district court acted within its discretion to impose the maximum sentence in each of Stringer's four cases and ordered that three of those sentences run consecutive to each other and to the sentence imposed by the New York court.  See United States v. Quinones, 136 F.3d 1293, 1295 (11th Cir. 1998).  The district court reasonably determined that consecutive sentences were necessary to address Stringer's recidivism and lack of respect for the law and to punish him for violating his supervised release by committing five new crimes, failing to submit to drug and alcohol testing, and failing to report his change of address.  See 18 U.S.C. §§ 3583(e)(3), 3553(a). Stringer's sentence is reasonable.

We **AFFIRM** the revocation of Stringer's supervised release and his 99-month sentence.