[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11688
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00001-JES-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS MICHAEL PASQUAZZI,

Defendant-Appellant.

_____

No. 14-11822
Non-Argument Calendar

_____

D.C. Docket No.  2:13-cr-00138-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS MICHAEL PASQUAZZI,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(April 9, 2015)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Defendant Louis Pasquazzi appeals both his 71-month sentence, imposed after pleading guilty to passing or uttering a counterfeit $100 bill in violation of 18 U.S.C. §§ 472 and 2, and his consecutive 24-month sentence, imposed following the revocation of his supervised release. Defendant argues that it was substantively unreasonable for the district court to sentence him to the high-end of the applicable guideline ranges for both his supervised release violation and criminal conviction and to run those sentences consecutively. After review, we affirm.

## I. Background

In 2011, Defendant pled guilty to seven counts of uttering counterfeit $50 and $100 bills, in violation of 18 U.S.C. §§ 472 and 2. As part of his 2011 offense

2

conduct, Defendant manufactured and passed (and had unindicted co-conspirators also pass) counterfeit $20, $50, and $100 bills.  After serving a 33-month sentence, Defendant was released from prison in June 2013 and began his three-year term of supervised release.

Shortly after his release from prison, Defendant began manufacturing $100 bills.  From August 1 to August 27, 2013, Defendant, along with a half-dozen other individuals, passed the counterfeit bills.  Defendant and his cohorts used the counterfeit $100 bills to make small purchases for which they then received genuine currency as change.  Defendant's fellow participants then gave their change to Defendant.

In August 2013, Defendant's probation officer filed a petition for revocation of supervised release.  The petition alleged that Defendant had violated the conditions of his supervised release by:  (1) having two positive drug tests for cocaine and amphetamines on July 8 and 22, 2013 and (2) failing to submit to two periodic drug tests on July 29 and August 6, 2013.  In September 2013, Defendant was indicted for one count of passing or uttering a counterfeit $100 bill, in violation of 18 U.S.C. §§ 472 and 2.  The probation officer filed a superseding revocation petition, in which he added the allegation that Defendant had violated a condition of supervised release by engaging in new criminal conduct.

After Defendant pled guilty to passing or uttering a counterfeit $100 bill, the district court held a joint revocation and sentencing hearing.  Defendant admitted the violations of his conditions of supervised release, and the district court revoked Defendant's supervised release.  Defendant requested that a 24-month total sentence, with significant mental health treatment, be imposed for both his supervised release violations and criminal conviction.[1]  He argued that such a downward variance was warranted based on his mental health issues.  He further claimed that he had used cocaine to self-medicate his untreated Attention Deficit Hyperactivity Disorder and bipolar disease and that he had engaged in criminal activity in order to get cocaine.  Defendant contended that he would no longer use cocaine, and thus not engage in future criminal conduct, if he received psychological and medical treatment.  The district court declined Defendant's request for a downward variance and sentenced him to 24 months' imprisonment for violating the conditions of his supervised release and to 71 months' imprisonment for his conviction for uttering a counterfeit $100 bill, to be served consecutively, for a 95-month total sentence.

---

[1]  Defendant's guideline range for his supervised release violations was 21 to 24 months' imprisonment.  His guideline range for his uttering a counterfeit $100 bill conviction was 57 to 71 months' imprisonment.

## II. Discussion

On appeal, Defendant argues that both the length of his sentences and their consecutive nature are substantively unreasonable because the district court did not adequately account for his expressed desire to receive effective mental health treatment.  We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first to whether the district court committed any significant procedural error and then to whether the sentence is substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[2]  *Id.* Likewise, we review sentences imposed upon revocation of supervised release for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

The party challenging the sentence bears the burden of showing that it is unreasonable.  *Pugh*, 515 F.3d at 1189.  We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of

---

[2]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1191 (quotation marks omitted).

Whether a term of imprisonment imposed for supervised release violations is to be served concurrently or consecutively to another sentence is a question entrusted to the district court's discretion. *United States v. Quinones*, 136 F.3d 1293, 1295 (11th Cir. 1998). In determining whether sentences should run consecutively or concurrently, the district court must consider the § 3553(a) factors. 18 U.S.C. § 3584(b).

Here, Defendant has not shown that the length of his sentences or the imposition of consecutive sentences is substantively unreasonable. Defendant's 71-month sentence for his conviction for passing counterfeit currency is within the advisory guideline range of 57 to 71 months' imprisonment, and well below the 20-year statutory maximum under 18 U.S.C. § 472. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, while we do not apply a presumption, we ordinary expect a sentence inside the advisory guidelines range to be reasonable); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness). Likewise, Defendant's 24-month revocation sentence is within the advisory guideline range of 21 to 24 months' imprisonment

and does not exceed the 24-month statutory maximum under 18 U.S.C. § 3583(e)(3).

At the sentencing hearing, Defendant presented evidence, including a report and testimonial evidence from a doctor who had evaluated him, in an effort to show that his previously untreated mental health issues had led to his cocaine use and past criminal activity. Defendant argued that medical treatment would break this cycle of drug addiction and criminal activity. In imposing sentence, the district court specifically acknowledged that it had heard and considered Defendant's arguments and evidence, including the doctor's report and testimony, and that it had considered all of the § 3553(a) factors. Responding to Defendant's argument about his need for mental health treatment, the court recommended that Defendant serve his sentence in a facility that had the ability to address those medical needs. As to the appropriate sentence, however, the district court noted that Defendant's violent and lengthy criminal history suggested that it was unlikely Defendant's behavior would change, even with medical treatment.

We conclude that the district court did not abuse its discretion in making this determination. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (stating that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)). Defendant's criminal history spans 25 years and includes numerous

violent offenses, such as battery, assault, aggravated battery with a firearm, and aggravated assault with a deadly weapon.  Defendant also has a prior federal conviction for possession of a firearm by a convicted felon, as well as a federal conviction for possession of cocaine.  Moreover, Defendant admitted that he violated the terms of his supervised release less than three months after he was released from prison.  Indeed, Defendant committed the very same offense for which he was on supervised release.

We also conclude that it was well within the district court's discretion to impose consecutive sentences after considering Defendant's criminal history.  *See Quinones*, 136 F.3d at 1295.  We note that the Sentencing Guidelines provide, in a policy statement, that a sentence resulting from a supervised release violation "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."  U.S.S.G. § 7B1.3(f).  On these facts, the district court did not abuse its discretion by complying with this policy statement.

For all of these reasons, Defendant has not carried his burden to show that his two sentences are substantively unreasonable.

**AFFIRMED.**