[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12288

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PEDRO ANTONIO GARCIA VASQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cr-00128-SPC-NPM-1

_____

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Pedro Garcia Vasquez ("Defendant") appeals his 15-month sentence: a sentence imposed after Defendant pleaded guilty to reentering illegally the United States after being deported as a felon. Defendant challenges his sentence as substantively unreasonable. Defendant also argues that the district court abused its discretion by ordering his 15-month sentence to run consecutive to the 12-month sentence imposed upon revocation of Defendant's supervised release in an earlier illegal-reentry case. No reversible error has been shown; we affirm.

We evaluate the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *See Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the purposes of sentencing stated in 18 U.S.C. § 3553(a). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The purposes of sentencing include promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public from further crimes. 18 U.S.C. § 3553(a)(2). A sentencing court should also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Guidelines range,

policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. *Id.* § 3553(a)(1), (3)-(7).

We will disturb a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the section 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (brackets omitted). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in the light of the record and the section 3553(a) factors. *Id.*

Defendant has failed to demonstrate that his 15-month sentence substantively is unreasonable. As an initial matter, Defendant's sentence represents the low-end of the advisory guidelines range of 15 to 21 months' imprisonment; we "ordinarily expect" a within-guidelines sentence to be reasonable. *See Gonzalez*, 550 F.3d at 1324.

The district court explained that a sentence of 15 months was sufficient but not greater than necessary to achieve the purposes of sentencing set forth in section 3553(a). The district court acknowledged Defendant's reasons for continuing to enter unlawfully the United States, including the difficult conditions Defendant faced in his home country of Honduras and that Defendant's two minor daughters resided in the United States. The district court, however, also stressed that Defendant already had two convictions for illegal reentry and had been on supervised release when he

committed the underlying offense in this case.  Given the totality of the circumstances -- including Defendant's history of repeated unlawful entries and that Defendant remained undeterred by his earlier convictions and sentences for unlawful reentry -- the district court determined reasonably that a low-end guideline sentence of 15 months was necessary to promote respect for the law, provide just punishment, and to provide adequate deterrence.

Nor did the district court abuse its discretion in ordering Defendant's 15-month sentence for illegal reentry to run consecutive to the 12-month sentence imposed upon revocation of Defendant's supervised release in another illegal-reentry case.  The sentencing court has discretion to decide whether a term of imprisonment following the revocation of supervised release is to be served consecutively or concurrently.  *See United States v. Quinones*, 136 F.3d 1293, 1295 (11th Cir. 1998).  And the district court's decision to impose consecutive sentences in this case is consistent with the Sentencing Commission's policy statements, which advise that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . . ."  *See* U.S.S.G. § 7B1.3(f).

Viewing the record as a whole, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment."  *See Shabazz*, 887 F.3d at 1224.  The district court abused no discretion; we affirm Defendant's sentence.

AFFIRMED.