[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12434

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

QUENTIN CEPHUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00104-PGB-DCI-1

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Quentin Cephus appeals his sentence of 21 months' imprisonment following the revocation of his supervised release. He argues that the district court abused its discretion when it ran the sentence consecutively to the sentence in a different revocation case and rejected his request for the sentence to run concurrently. He also argues that the facts in the presentence investigation report and an analysis of the 18 U.S.C. § 3553(a) factors compelled a sentence below his advisory guidelines range of 21–24 months. Because the district court considered relevant § 3553(a) factors, the sentence is at the low end of the guidelines range, and the district court was permitted to impose a consecutive sentence, we affirm.

## I

### A

Mr. Cephus was serving two terms of supervised release in the Middle District of Florida—one in the Orlando Division in a case that was transferred from the District of Maryland and is the basis of this case, and one in the Tampa Division. Here is how those two cases came about.

In February of 2013, Mr. Cephus pled guilty in the District of Maryland to distribution of a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1). After the probation office prepared a PSI detailing his personal history and characteristics, the

Maryland district court sentenced him to 60 months' imprisonment and three years of supervised release. That conviction underlies the current appeal.

Subsequently, in March of 2016, while serving his sentence in Tampa for the Maryland conviction, Mr. Cephus pled guilty to forcibly assaulting a Bureau of Prison official in violation of 18 U.S.C § 111 (a)(1) and (b). *See United States v. Cephus*, No. 8:16-CR-133-T-33JSS, 2017 WL 1251578 (M.D. Fla. Apr. 5, 2017) ("Tampa Case") The Tampa district court sentenced him to 41 months' imprisonment and three years of supervised release. The supervised release term for that case began in June of 2019.

Then, in July of 2020, Mr. Cephus' supervision from the Maryland case was transferred to the Orlando Division of the Middle District of Florida. That meant that Mr. Cephus had two supervised release terms that he was serving in the Middle District of Florida.

**B**

Mr. Cephus has violated the terms of his supervised release on seventeen occasions. Although the details of the first twelve violations are not necessary to determine this appeal, a brief history of the violations is helpful.

In November of 2020, the Orlando probation office alleged that Mr. Cephus violated his supervised release in the Orlando Division. That violation petition was ultimately withdrawn. Mr. Cephus admitted to a separate violation and was restored to supervised release pending sentencing.

The following month, in December of 2020, Mr. Cephus violated his supervised release three times. Then, in May of 2021, the district court reinstated the term of supervision after finding that Mr. Cephus had committed two of the violations.

In September of 2021, the Orlando probation office again filed a petition seeking issuance of a warrant and revocation of supervised release. It alleged that Mr. Cephus violated the terms of his supervised release by committing four new acts of criminal conduct. A superseding petition in October of 2021 further alleged that he committed three additional acts of criminal conduct. Although the Orlando probation office filed the petitions seeking a warrant and revocation of Mr. Cephus' supervised release regarding those seven violations, the Tampa district court adjudicated the violations before the Orlando district court. As a result, the Orlando district court dismissed these violations and Mr. Cephus remained on supervised release.

Prior to Mr. Cephus' final revocation hearing before the Orlando district court in this case, the Tampa district court sentenced him to 18 months' imprisonment for repeated violations of his term of supervised release, to run consecutively with any sentence yet to be imposed in the Orlando case (the "Tampa sentence"). That sentence is not at issue in this appeal.

At the final revocation hearing before the Orlando district court in this case, Mr. Cephus admitted to five violations, the violations that concern this appeal, as he had earlier at a hearing before the magistrate judge. Those violations include loitering and

prowling, unlawful possession of a controlled substance, possession of methamphetamine, possession of cocaine, and possession of drug paraphernalia.

The Orlando district court adopted the magistrate judge's report and recommendation after Mr. Cephus admitted to the five violations.  Because the highest-grade violation was a Grade B violation, and Mr. Cephus had a criminal history category of VI based on 21 criminal history points, the court calculated an advisory guideline range of 21 to 24 months' imprisonment.

The district court noted that it had reviewed the history of the case and evaluated Mr. Cephus' multiple violations of the terms of his supervised release.  The probation office recommended that Mr. Cephus be sentenced to 18 months' imprisonment to run concurrently with the Tampa sentence with no additional term of supervised release to follow.  Mr. Cephus requested the same sentence.  He explained that his childhood was unstable and informed the court that his wife passed away from cancer during his incarceration.  The government also recommended a sentence of 18 months' imprisonment without supervision to follow, arguing that Mr. Cephus was not a good candidate for supervised release given his multiple violations.  The government, however, requested that the sentence run consecutively to Mr. Cephus' Tampa sentence.

In his allocution, Mr. Cephus asked for a "fresh start" and accepted responsibility for his actions.  After hearing from the parties, the district court considered the 18 U.S.C. § 3553(a) factors, as well as the advisory guidelines, when crafting Mr. Cephus'

sentence.  The court noted that it had "no doubt" that Mr. Cephus had a "very difficult" upbringing—he did not meet his father until age 9; he was raised by various family members; his mother, who struggled with substance abuse, was severely mentally and physically abusive towards him; and his maternal brother passed away in early childhood due to complications related to his mother's drug use during pregnancy—and had a problem with drug addiction.

The district court explained that it had previously sentenced Mr. Cephus to time served in 2021 to give him a "fresh start" but he continued to violate the terms of his supervised release.  Despite Mr. Cephus' objection to the imposition of a consecutive sentence and based on the repetitive nature of the violations that occurred in two different divisions of the Middle District, the court thought that Mr. Cephus needed to serve both of his sentences.  Citing to specific and general deterrence, as well as protecting the public and providing Mr. Cephus with correctional treatment and a fair sentence, the court sentenced Mr. Cephus to 21 months' imprisonment—the low end of the advisory guideline range—to run consecutive to his Tampa sentence.  It did not impose a term of supervised release to follow.

## II

On appeal, Mr. Cephus argues that the 21-month consecutive sentence is unreasonable and that the "upward variance" is unwarranted.  He contends that an 18-month concurrent sentence, which is three months below the bottom of the advisory guideline

range, would be a reasonable sentence to accomplish all the goals of § 3553. He claims that, ultimately, he ended up with a total sentence of 39 months based on how each judge structured his particular sentence.

The government responds that Mr. Cephus has not shown that the district court abused its discretion and erred, either procedurally or substantively, in imposing his sentence. The government says that Mr. Cephus wrongly argues that the sentence exceeds the guidelines range because his 21-month sentence was at the bottom of the advisory guidelines range. Additionally, it argues that Mr. Cephus "cannot simply add to that sentence his 18-month sentence for violating the conditions of his supervised release for his separate federal assault conviction" in the Tampa case.

## A

We review the substantive reasonableness of a sentence "under a deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal citations omitted). Moreover, "the party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing

courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Under § 3553(a)(2), a district court must impose a sentence that is "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training. The court must also consider, among other factors, "the nature and circumstances of the offense," the history and characteristics of the defendant, the sentences available, the applicable Guideline range, "any pertinent policy statement issued by the sentencing Commission," and "the need to avoid unwarranted sentence disparities" among similarly situated defendants. *See* § 3553(a)(1)(3)-(6).

The weight given to each factor generally lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). For example, "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Rosales-Bruno*, 789 F.3d at 1263. A sentence does not become unreasonable merely because the district court did not accept the recommendation of one or both parties. *See United States v. Valnor*, 451 F.3d 744, 745–46, 751–52 (11th Cir. 2006).

Ultimately, "[t]he district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). "Rather, an acknowledgement by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007). We ordinarily expect a sentence within the guidelines range to be reasonable and "a sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

**B**

The Sentencing Guidelines recommend that a term of imprisonment resulting from a supervised release violation "be ordered to be served consecutively to any sentence of imprisonment being served [that] resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f). Further, we have held that "[w]hether these terms [are] to be consecutive or concurrent [is] a question that 18 U.S.C. § 3584 entrusts to the court's discretion." *United States v. Quinones*, 136 F.3d 1293, 1295 (11th Cir. 1998).

Mr. Cephus' sentence is not substantively unreasonable. The district court accounted for his pattern of supervised release violations and chose not to impose a further term of supervised release to follow. Additionally, it was permitted to attach greater weight to his repetitive violations than to the mitigating evidence. Mr. Cephus' sentence, moreover, was within the advisory

guidelines range, which further suggests that it was reasonable. The consecutive nature of the sentence was also in accordance with the recommendation in § 7B1.3(f) of the Sentencing Guidelines and was within the district court's discretion. *See Quinones*, 136 F.3d at 1295. Pursuant to 18 U.S.C. § 3584(a), "for the same reasons that the district court's sentence[] w[as] reasonable . . . the decision to impose consecutive federal sentences was well within the district court's discretion." *United States v. Gomez*, 955 F.3d 1250, 1258 n.6 (11th Cir. 2020).

## IV

We affirm the district court's 21-month consecutive sentence following the revocation of Mr. Cephus' supervised release.

**AFFIRMED.**