[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10010
Non-Argument Calendar
_____

D.C. Docket No. 2:12-tp-14010-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 11, 2014)

Before CARNES, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Kelvin Smith appeals his 24-month sentence, which the district court imposed after it revoked his term of supervised release. The court ordered that sentence to run consecutively to his four state sentences of life imprisonment.

## I.

In 2005 Smith was convicted in federal district court of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He was sentenced to 120 months imprisonment and three years supervised release. Two of the conditions of his supervised release were that he not (1) possess a firearm or (2) commit other violations of the law. But while on supervised release in July 2012, Smith committed a drive-by shooting. He was tried in Florida court on several charges, including attempted first-degree murder with a firearm. He was found guilty and was sentenced to four life terms in Florida prison.

In light of Smith's state convictions, the United States Probation Office filed a superseding petition in the United States District Court for the Southern District of Florida asking that his federal term of supervised release be revoked. At the revocation hearing, Smith and the government agreed that his guidelines range was 24 months imprisonment. Smith also agreed that the government had presented enough evidence to prove that he had violated the conditions of his supervised release, but he argued that the court should sentence him to a prison term that ran concurrently with his state sentences. Rejecting that request, the district court

2

sentenced Smith to 24 months imprisonment to be served consecutively to his four state sentences of life imprisonment.  Smith now contends that his consecutive sentence was procedurally unreasonable.

## II.

We review for reasonableness a sentence imposed after the revocation of supervised release.  United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006).  While sentences can be reviewed for both procedural and substantive reasonableness, Smith challenges his sentence only on procedural reasonableness grounds.  We review the procedural reasonableness of a sentence to determine whether the court committed a "significant procedural error" in arriving at the sentence.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).

A district court has discretion in deciding whether to impose concurrent or consecutive sentences.  See 18 U.S.C. § 3584(a); United States v. Quinones, 136 F.3d 1293, 1294–95 (11th Cir. 1998).  It must take into account two things when making that decision.  First, the court must consider the sentencing factors in § 3553(a).[1]  See id. § 3584(b).  Second, it must consider the policy statements found in Chapter 7 of the United States Sentencing Guidelines, even though they

---

[1] Those factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the sentencing guidelines range; (6) pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwanted sentencing disparities; and (8) the need to provide restitution to victims.  See 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

are not binding. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006).

Notably, those two obligations overlap. Section 3553(a) itself requires that

sentencing courts consider the sentencing guidelines' policy statements, including

those in Chapter 7. See 18 U.S.C. § 3553(a)(4)(B), (a)(5).

The record here establishes that the district court properly considered the

§ 3553(a) factors and the policy statements in Chapter 7. First, the court stated that

Smith "needs to have [] extra time for this" supervised release violation, which

shows that the court considered Smith's history and characteristics, as well as the

need for deterrence. See id. § 3553(a)(1), (a)(2)(B), (a)(2)(C). Second, the record

establishes that, in accordance with § 3553(a) and our case law, the court properly

considered the policy statements found in Chapter 7 of the sentencing guidelines.

Though only advisory, those policy statements make clear that Smith's federal

prison term should run consecutively to his state sentences. Section 7B1.3(f) says:

> Any term of imprisonment imposed upon the revocation of probation
> or supervised release shall be ordered to be served consecutively to
> any sentence of imprisonment that the defendant is serving, whether
> or not the sentence of imprisonment being served resulted from the
> conduct that is the basis of the revocation of probation or supervised
> release.

U.S.S.G. § 7B1.3(f); see also Ch. 7, Pt. B, intro. cmt. ("It is the policy of the

Commission that the sanction imposed upon revocation is to be served

consecutively to any other term of imprisonment imposed for any criminal conduct

that is the basis of the revocation."). The district court may not have explicitly

4

mentioned the § 3553(a) factors or the policy statements when handing down

Smith's sentence, but what matters is that the record shows that the court did

consider them.  See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

And the court was well within its discretion to give the § 3553(a) factors and the

policy statements the weight that it did.  See United States v. Amedeo, 487 F.3d

823, 832 (11th Cir. 2007).  Smith's consecutive sentence is not procedurally

unreasonable.[2]

   **AFFIRMED.**

---

[2] Smith contends that the district court committed procedural error in others ways, too. But each of those arguments fails.  Contrary to Smith's assertions, the district court did not base its sentence on clearly erroneous facts, fail to properly consider Smith's arguments in favor of a concurrent sentence, or fail to adequately explain the reasons behind the sentence it imposed. Because those arguments are contrary to the record and lack any merit, we reject them.