[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15351
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cr-00446-JDW-EAJ-2


UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

                              versus

AARON LAMAR HOLLINS,

                                                              Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 20, 2016)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

        Aaron Lamar Hollins appeals his four-year term of supervised release,

imposed as part of his sentence upon revocation of his original term of supervised

release. Hollins's initial terms of supervised release were imposed after he was convicted of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, Hollins argues that the district court plainly erred by imposing a "general sentence" of a four-year additional term of supervised release covering the violations of supervised release as to both counts of conviction, but which exceeded the statutory maximum of three years' supervised release allowed for the revocation underlying his Hobbs Act robbery conviction. After thorough review, we affirm.

We review de novo the legality of a sentence imposed pursuant to revocation of supervised release. United States v. Mazarky, 499 F.3d 1246, 1248 (11th Cir. 2007). However, when a party raises a challenge to a revocation sentence for the first time on appeal, we review only for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. Plain error cannot be established where "the explicit language of a statute or rule does not specifically resolve an issue" and there is no precedent

2

from the Supreme Court or this Court directly resolving an issue. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). "A substantial right is affected if the appealing party can show that there is a reasonable probability that there would have been a different result had there been no error." United States v. Bennett, 472 F.3d 825, 831-32 (11th Cir. 2006).

"A general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts." United States v. Moriarty, 429 F.3d 1012, 1025 (11th Cir. 2005) (quotation omitted). We have held that a general sentence, including a general sentence of supervised release, in a final judgment of conviction is per se illegal and requires remand. Id. at 1023-25. However, we have never addressed whether a general sentence of an additional term of supervised release, imposed upon revocation of the original term of supervised release, is per se illegal.

Section 5G1.2 of the Sentencing Guidelines generally directs the district court to impose a sentence for each count of conviction when initially sentencing a defendant. See U.S.S.G. § 5G1.2 (dictating the manner in which the district court should impose a sentence "on each such count" or "sentences on all counts"). But the imposition of a sentence upon revocation of supervised release is not governed by § 5G1.2. Instead, it is governed by Chapter Seven of the Guidelines, which

3

contains no provision similar to § 5G1.2.  See generally U.S.S.G. Ch. 7.  Indeed, we've previously declined to extend some requirements under U.S.S.G. § 5G1.2 to restrict the district court's discretion under Chapter 7 of the Guidelines.  See United States v. Quinones, 136 F.3d 1293, 1295 (11th Cir. 1998) (holding that § 5G1.2 did not limit the district court's authority to impose consecutive terms of imprisonment upon revocation of supervised release, since the policy statements in Chapter 7 governed revocation sentences).

When a term of supervised release is revoked, a district court can impose a new term of supervised release after imprisonment.  18 U.S.C. § 3583(h).  "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  Id.

A conviction for Hobbs Act robbery has a 20-year statutory maximum sentence, and thus, constitutes a Class C felony.  18 U.S.C. §§ 1951(a), 3559(a)(3).  A conviction under 18 U.S.C. § 924(c) carries a statutory maximum sentence of life imprisonment, and thus, constitutes a Class A felony.  18 U.S.C. § 3559(a)(1); United States v. Pounds, 230 F.3d 1317, 1319 (11th Cir. 2000).  The maximum term of supervised release for a Class A felony is five years, and the maximum term for a Class C felony is three years.  18 U.S.C. § 3583(b)(1)-(2).

4

Here, the district court did appear to impose a general sentence, since it imposed a single four-year term of supervised release that exceeded the statutory maximum for the Hobbs Act count (although it did not exceed the statutory maximum for the firearm charge).    See Moriarty, 429 F.3d at 1025.[1]    However, any potential error committed by the district court in imposing this sentence was not plain.  See Aguilar-Ibarra, 740 F.3d at 592.  While § 5G1.2 requires the district court to clearly state its sentence for each count of conviction in imposing an initial sentence, sentences imposed upon revocation of supervised release are not governed by § 5G1.2, but by Chapter 7.  See U.S.S.G. Ch. 7 Pt. A.  Moreover, we've previously declined to extend to revocation sentences the requirements of § 5G1.2 concerning whether to impose consecutive or concurrent sentences on multiple counts.  See Quinones, 136 F.3d at 1295.  Nor have we, or the Supreme Court, ever held that a general sentence may not be imposed upon revocation of supervised release, including an additional term of supervised release.

Indeed, while we seek to reduce confusion for a reviewing court no matter when a sentence is imposed, sentences imposed upon the revocation of supervised release do not raise all of the same concerns that initial sentences do.  As the

---

[1] Hollins was initially sentenced to two terms of supervised release, one for each count of conviction, to run concurrently. Since both terms of supervised release carried the same requirements, Hollins's failed drug tests and failure to complete a drug treatment program constituted violations of both terms of supervised release.  The district court did not specifically state that Hollins's supervised release for both convictions was being revoked.  Nonetheless, nothing in the record suggests that the revocation applied to only one term of supervised release.

commentary to the Guidelines points out, a defendant who violates the conditions of supervised release has already been convicted and sentenced, and the new sentence imposed upon revocation of a term of supervised release is intended to sanction primarily the "breach of trust" inherent in the violation. U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). Consistent with this goal, the policy statements regarding revocation proceedings in U.S.S.G. Ch. 7 are intended to afford courts greater flexibility in dealing with violations of the conditions of supervised release. See U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(a); United States v. Hofierka, 83 F.3d 357, 361 (11th Cir. 1996).

In short, it is not plain under the Guidelines or under our precedent that the district court must impose separate sentences for each term of supervised release it revokes. Because there is no error, much less plain error, see Lejarde-Rada, 319 F.3d at 1291, we affirm Hollins's sentence.

**AFFIRMED**.

6