[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14548
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-10007-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN GUTIERREZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 16, 2015)

Before HULL, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Juan Gutierrez appeals his conviction for attempted illegal reentry into the United States after having been removed previously, in violation of 8 U.S.C. § 1326(a) and (b)(2), on the ground that the district court erred by admitting into evidence at trial two of his prior convictions. After careful review, and for the reasons below, we affirm.

## I.

On October 23, 2013, the Coast Guard spotted a vessel overloaded with passengers approximately 20 miles away from Abandoned Cay Sal ("Cay Sal"), an island in the Cay Sal Bank, which is a group of islands in the Bahamas. Eventually approximately 30 people disembarked just off Cay Sal. Mr. Guttierez, the captain of the vessel, and another individual remained on board. The Coast Guard intercepted the vessel in international waters, approximately 17 nautical miles from the Florida coastline. When questioned, Mr. Gutierrez told Department of Homeland Security Special Agent Pablo Milian that he and a friend were fishing off Cay Sal and that they had departed from and planned to return to Black Point Marina in Miami. At the time of the incident, Mr. Gutierrez was under an order of supervision that specifically prohibited him from traveling outside United States territorial waters without written permission from his deportation officer. Because he previously had been removed from the United States, Mr. Gutierrez was charged with attempt to illegally reenter the United States after previous removal.

2

Mr. Gutierrez pled not guilty and proceeded to a jury trial.  Before the trial began, the government filed a notice of intent to introduce other acts evidence pursuant to Rule 404(b) of the Federal Rules of Evidence, disclosing that it expected to introduce a 2008 conviction for illegal reentry to the United States and conspiracy to encourage and induce an alien to enter the United States illegally.  At a hearing on the admissibility of the evidence, the government explained that it also sought to introduce a 2007 conviction stemming from a 2005 investigation for conspiracy to encourage and induce aliens to enter the United States illegally.  The district court ruled that the two prior convictions were admissible pursuant to Rule 404(b) as evidence of Mr. Gutierrez's knowledge and intent to commit the instant offense.[1]  On appeal, Mr. Gutierrez argues that the district court abused its discretion in admitting the convictions into evidence because his prior criminal conduct showed only his propensity to commit the indicted crime, which Rule 404(b) prohibits, and the convictions were so remote that their prejudicial nature substantially outweighed their probative value.

II.

---

[1] Immediately before the government's introduction of the prior convictions at trial, the court gave a cautionary instruction directing the jury to consider Mr. Gutierrez's prior convictions not as evidence of his propensity to commit the currently-charged offense, but only as evidence of "whether the defendant had the state of mind or intent necessary for the crime charged whether he acted according to a plan or to prepare to commit a crime or committed the charged acts by accident or mistake."  Trial Tr. 246-47, Doc. No. 60.

3

We review the district court's admission of prior acts evidence under Federal Rule of Evidence 404(b) for an abuse of discretion. *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). In applying the abuse of discretion standard to evidentiary rulings, "we will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1249 (11th Cir. 2007) (internal quotation omitted).

## III.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may, however, be admissible for another purpose, such as proving intent or knowledge. Fed. R. Evid. 404(b)(2). We apply a three-part test to determine whether evidence is admissible under Rule 404(b): "First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *United States v. Matthews*, 431 F.3d 1296, 1310-11

4

(11th Cir. 2005).[2]  "[S]imilarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense."  *Ramirez*, 426 F.3d at 1354.  By pleading not guilty, a defendant makes intent a material issue.  *United States v. Cochran*, 683 F.3d 1314, 1321 (11th Cir. 2012).

Although the temporal remoteness of a prior conviction is "an important factor to be considered as it depreciates the probity of the extrinsic offense," we have refrained from adopting a bright-line rule "because decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value."  *Matthews*, 431 F.3d at 1311 (internal quotation marks omitted).  Mr. Gutierrez "bears a heavy burden in demonstrating an abuse of the court's broad discretion in determining if an extrinsic offense is too remote to be probative."  *Id.* at 1311 (internal quotation marks omitted); *see* Fed. R. Evid. 403.

We conclude that the district court did not abuse its discretion in admitting evidence of Mr. Gutierrez's two prior convictions.[3]  At trial, because Mr. Gutierrez pled not guilty, the government had to prove that Mr. Gutierrez knowingly

---

[2] Mr. Gutierrez pled guilty to the prior conviction and does not argue that the government failed to offer sufficient proof that he committed the prior acts.

[3] We do not address Mr. Gutierrez's argument that the evidence was not "inextricably intertwined" with the charged conduct because the district court did not admit the prior convictions evidence on the ground that it was intrinsic. *See United States v. Ellisor*, 522 F.3d 1255, 1269 (11th Cir. 2008) ("Evidence of criminal activity other than the offense charged is not extrinsic provided that the evidence is (1) an unchanged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.").

attempted to enter the United States. *See Cochran*, 683 F.3d at 1321. The two convictions were relevant to Mr. Gutierrez's knowledge of his exit and unlawful reentry into the United States, as well as his intent to commit the charged crime.

The facts of the 2007 conviction established that in 2005, Mr. Gutierrez had been interdicted while captaining a vessel carrying a group of undocumented foreign nationals off the Cay Sal Bank. Similar to the charged offense, in 2005 Mr. Gutierrez told Special Agent Milian that he was fishing when questioned regarding migrant smuggling. This evidence was relevant to aid the jury in determining whether, in 2013, Mr. Gutierrez intended to return illegally to the United States with a group of undocumented migrants. The 2007 conviction also demonstrated that Mr. Gutierrez knew that Cay Sal was outside the United States.

The facts of the 2008 conviction established that Mr. Gutierrez departed Florida, picked up individuals in the Cay Sal Bank area, and was intercepted while attempting to return to the United States. The 2008 conviction was relevant to aid the jury in determining whether Mr. Gutierrez intended to return to the United States and enter illegally. It also demonstrated that Mr. Gutierrez knew it was illegal to leave and reenter the United States and that he had been involved in a scheme to induce undocumented migrants to enter the United States.

Moreover, the similarity to the present case of the circumstances surrounding the prior convictions was probative of Mr. Gutierrez's intent to reenter

the United States and his knowledge that it was illegal for him to do so. *See Ramirez*, 426 F.3d at 1354 ("A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense."). Additionally, the prior convictions — five and six years before the conduct at issue here — were not so remote in time that they were not probative. *See Matthews*, 587 F.3d at 1312 (upholding district court's admission of similar prior convictions that occurred eight years before the conduct at issue). Mr. Gutierrez failed to overcome his heavy burden in demonstrating that the district court abused its discretion in determining his prior convictions were not too remote to be probative.

Because Mr. Gutierrez's prior convictions were probative of knowledge and intent and were not so remote that their prejudicial nature substantially outweighed their probative value, the district court did not abuse its discretion in admitting them into evidence at trial. Thus, we affirm the district court's ruling.

**AFFIRM.**